RECEIVED
IN ALEXANDRIA, LA
OCT - 5 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ALIEX P. PAPPILLION** | **CIVIL ACTION NO. 07-2162-LC** |
| VS. | SECTION P |
| DON DIXON, ET AL. | JUDGE TRIMBLE<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Aliex Pappillion, filed the instant civil rights action, in which he is proceeding *in forma pauperis* on December 10, 2007, pursuant to 42 U.S.C. § 1983 and § 1985(3). At the time plaintiff filed his complaint, he was a pre-trial detainee. Plaintiff is presently housed at the Calcasieu Correctional Center, Lake Charles, Louisiana. In his complaint and amended complaints, he names the following Lake Charles police officers as defendants herein: Chief Don Dixon, Jeffrey Atkinson, Mitchell D. Sawyer, Dayton Cook, Rebecca Lynn Wilson, and Franklin Fondel. By this action, plaintiff seeks monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

Plaintiff alleges that on December 8, 2006, he was arrested by the Lake Charles City Police Department on charges which include "stolen vehicle, attempting to disarm a police officer, [and] 2nd degree battery." Trial is scheduled for November 2, 2009. Prior to his arrest, plaintiff alleges that he was driving south bound on Lake Street and a police unit was north bound on Lake Street. Plaintiff stopped at a red light and proceeded to make a right turn. He then drove to an apartment complex. Shortly thereafter, the police car arrived at the apartment

building, with it's blue lights illuminated. At that point, plaintiff drove to the back of the complex and struck a tree while attempting to pass between it and the building. Plaintiff then exited the vehicle, fled from officer Rebecca Lynn Wilson, and ran up some stairs. The officer followed plaintiff up the stairs and both of them fell down the stairs. According to plaintiff, the second degree battery on a police officer charge stems from plaintiff's alleged pushing of officer Wilson down the stairs.

At the bottom of the stairs, plaintiff again attempted to flee. Additional officers arrived at the complex, and defendant Jeffrey instructed plaintiff to get on the ground. He then released a K-9 dog, which ran by plaintiff, striking plaintiff in the leg with its tail. The dog ran to a fence and plaintiff got on the ground "spread eagle style." The dog ran back to officer Atkinson, who allegedly told the dog to attack plaintiff. The dog bit plaintiff's right forearm, while at the same time, defendant Sawyer began kicking plaintiff in the head and body.

In addition to the above actions by defendants Jeffrey and Sawyer, plaintiff claims that defendants Dayton Cook and Rebecca Lynn Willson have "gone along with these other two officers in falsified reports, malfeasance, criminal conspiracy and excessive force." [Doc. 1, p. 6]. Plaintiff also claims that officers Atkinson and Sawyer discussed their "plan of probable cause" in front of him and that after officer Wilson advised them that the probably cause was based on running a red light, the officers disagreed.

Moreover, plaintiff alleges that defendant Don Dixon is "their supervisor, I have wrote him as well in order to file a complaint–but heard nothing from him." [Doc. 1, p. 6 & 7]. In regard to officer Fondel, plaintiff alleges that he was unable to file a complaint with Fondel's department and that Fondel visited him at the jail and explained that plaintiff had missed the

thirty day deadline for filing his complaint. Plaintiff states that his request for reconsideration was unanswered.

As a result of the above, plaintiff seeks "monetary awards for damages suffered, past & future emotional & mental anguish, attorney fee's, court cost, and, compensatory & punitive damages." [Doc. 1, p. 6 & 7].

Plaintiff has previously been advised that the allegations in his original compliant failed to demonstrate that his constitutional rights were violated by each of the named defendants [Doc. 4]. In response, plaintiff filed amended complaints [Docs. 8, 12, and 14], which provided some but in no way all of the requested information. Thus, the court filed another memorandum order [Doc. 15] directing plaintiff to provide additional factual information. Plaintiff filed a response to the memorandum order [Doc. 17].

## Law and Analysis

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining

whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

As previously discussed, plaintiff was specifically advised on several occasions that his complaints were deficient and he was ordered to amend that complaint to state a viable claim. Despite the information supplied in his amended complaints, plaintiff nevertheless failed to cure all of the noted deficiencies.

## III. Conspiracy Claims

Plaintiff makes a claim of conspiracy against defendants Jeffrey Atkinson, Mitchell D. Sawyer, Dayton Cook, and Rebecca Lynn Wilson. In order to do so, he must demonstrate (1) an agreement between persons acting under color of law to commit an illegal act, and (2) an actual deprivation of the prisoner's constitutional rights in furtherance of the agreement. *Hale v.*

*Townley*, 45 F.3d 914, 920 (5th Cir.1995). Conclusory allegations of conspiracy will not support a claim under § 1983. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir.1992). See *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir.1991) (holding that a civil rights claim of conspiracy must include allegations of specific operative facts). Plaintiff's allegations that officers Cook and Wilson have "gone along with these other two officers in falsified reports, malfeasance, criminal conspiracy and excessive force" as well as his claims that officers Atkinson and Sawyer discussed their "plan of probable cause" in front of him fail to meet the above standards. Thus, plaintiff's conspiracy claims against these defendants should be dismissed.

### IV. Supervisory Liability and Grievances

As previously stated, plaintiff sued Warden Dixon. In the court's amend order, plaintiff was advised that his claims did not establish liability on the part of the warden. Plaintiff's subsequent filing s did not remedy that defect. Specifically, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Plaintiff's allegations that defendant Dixon supervised the other defendants and that plaintiff wrote to Dixon in order to file a complaint but heard nothing from him, do not allege facts sufficient to demonstrate either

personal involvement or the implementation of unconstitutional policies by this individual. Thus, plaintiff's claims against Warden Dixon in this regard should be dismissed.

Further, to the extent that plaintiff complains that his complaints to Warden Dixon were not responded to, plaintiff should be aware that such allegation does not implicate the constitution. The same applies to plaintiff's claims against officer Fondel, In regard to Fondel, plaintiff alleges that he was unable to file a complaint with Fondel's department and that Fondel visited him at the jail and explained that plaintiff had missed the thirty day deadline for filing his complaint. Plaintiff states that his request for reconsideration was unanswered. However, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991). The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that the referenced individuals did not have a duty to take action with regard to plaintiff's complaints. Consequently, any argument by plaintiff that the failure answer his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable

under §1983.

### V. Excessive Force Claim Against Officers Atkinson and Sawyer

Claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). Under this standard, in order to establish a claim for excessive force in violation of the Constitution, the plaintiff must prove "(1) an injury which (2) resulted directly and only from the use of force that was clearly excessive to the need and the excessiveness of which was (3) objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.1999); *Ikerd v. Blair*, 101 F.3d 430, 433 (5th Cir.1996); *Breaux v. Taylor*, 2008 WL 145249 (W.D. La.). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. See *Terry v. Ohio*, 392 U.S. 1, 20-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation. *Graham*, at 396-397. "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. See *Terry v. Ohio*, 392 U.S., at 22-27, 88 S.Ct., at 1880-1883. ...its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is

actively resisting arrest or attempting to evade arrest by flight." [1]*Graham*, at 396-397. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. See *Scott v. United States*, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978), citing *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

In addition, plaintiff must show that he is not precluded from bringing his excessive force claims under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254....
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, at 486-487.

In essence, *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. In *Guillory v. Wheeler*, 303 F.Supp.2d 808 (M.D.La. 2/6/2004), the court discussed the applicability of *Heck* to a pending criminal prosecution:

> Technically, *Heck* does not apply because the plaintiff has not been

---

[1]Plaintiff herein has admitted that he repeatedly attempted to flee from the arresting officer(s).

convicted, sentenced or imprisoned. Nonetheless, applying the *Heck* rationale to a pending conviction makes good sense as the court in [*Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir.1996)] explained, 'The Supreme Court in *Heck* balanced the principles and interests of section 1983 claims and the federal *habeas corpus* statute by holding that a section 1983 action is not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of the Court's holding were to preserve consistency and finality, and to prevent a collateral attack on a conviction through a civil suit.' *Smith*, 87 F.3d at 113 (internal citations omitted). The *Smith* court then found that 'these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.' *Id.* The court reasoned that if a civil action by a defendant in an ongoing criminal prosecution could proceed, there would be a potential for inconsistent determinations in the civil and criminal cases, and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. 'In terms of the conflict which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.' *Id.* Because of these concerns, the court held that 'a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under section 1983.' *Id.*

The thrust of *Heck* is to bar civil actions which, if decided favorably to the plaintiff, would necessarily imply the invalidity of the prior conviction or sentence. When the section 1983 plaintiff has not yet been tried or convicted, then a favorable determination in the civil action would necessarily imply the invalidity of a subsequent conviction, and the *Heck* rationale should be applied. The *Heck* rationale bars a criminal defendant from seeking in a section 1983 case a determination of the alleged unlawfulness of actions which would render not only a prior conviction, but also a subsequent conviction invalid.

Furthermore, prohibiting the plaintiff from proceeding with his section 1983 claims prior to the resolution of the pending criminal charge prevents the plaintiff from obtaining through discovery in the civil action information he could not obtain in the criminal case. For example, if this case were to proceed and the plaintiff conducted discovery, he could serve interrogatories and document requests on the defendants and take their depositions. No doubt those discovery devices would be used to uncover information which would likely be relevant and admissible in evidence at the

criminal trial. However, such discovery devices are not available to the plaintiff as a defendant in the criminal case. *Guillory v. Wheeler*, 303 F.Supp.2d at 810.

The Court cannot determine at this time exactly how the plaintiff's excessive force claim would be affected by a criminal conviction on the charges of attempting to disarm a police officer and 2nd degree battery. The issue of whether force was used only while the officers were in the process of subduing plaintiff or after he had already been subdued is clearly disputed. This Court cannot rule out the possibility that excessive force was used on plaintiff after his alleged battery on the officer and after he was no longer resisting arrest. It may not be possible to determine what effect, if any, the conviction would have without considering the evidence offered at the criminal trial. Thus, under the circumstances of this case, the claims against defendants Atkinson and Sawyer should be dismissed until the pending criminal case has run its course.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against Chief Don Dixon, Dayton Cook, Rebecca Lynn Wilson, and Franklin Fondel be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's excessive force claims against defendants Jeffrey Atkinson and Mitchell D. Sawyer should be **DISMISSED WITHOUT PREJUDICE** until the pending criminal case has run its course.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, in Alexandria, Louisiana, this 5th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11